# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JACQUELINE S HUNT, | \* | |
| Legal guardian of a minor child, | \* | |
| ELIJAH MCLEOD, | \* | No. 12-232V |
| | \* | Special Master Moran |
| Petitioner, | \* | |
| | \* | |
| v. | \* | Filed: October 14, 2015 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorney's fees and costs; award in |
| AND HUMAN SERVICES, | \* | the amount to which respondent does |
| | \* | not object. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Daniel H. Pheifer, Esq., Pfeifer Morgan & Stesiak, South Bend, IN, for Petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On October 13, 2015, respondent filed a stipulation of fact concerning final
attorneys' fees and costs in the above-captioned matter. Previously, petitioner
informally submitted a draft application for attorneys' fees and costs to respondent
for review. Upon review of petitioner's application, respondent raised objections
to certain items. Based on subsequent discussions, petitioner amended her
application to request $92,500.00 for attorneys' fees and costs incurred by
petitioner's counsel, an amount to which respondent does not object. The Court
awards this amount.

On April 10, 2012, petitioner filed a petition for compensation, alleging that
the tetanus-diphtheria-acellular pertussis, meningococcal conjugate, and varicella

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b),
the parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special
master will appear in the document posted on the website.

vaccinations, which Elijah received on April 20, 2011, caused development of acute disseminating encephalomyelitis (ADEM) and a diagnosis of multiple sclerosis (MS).  The information in the record, however, did not show entitlement to an award under the Program.  <u>Decision</u>, issued February 23, 2015, mot. for review denied (Aug. 13, 2015).

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  <u>See</u> 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records, and obtained reports from experts, and prepared for and conducted a trial.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Hunt seeks a total of **$92,500.00** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner has filed a statement indicating that while represented by Pfeifer Morgan & Stesiak, she did not incur costs related to the litigation of this matter.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $92,500.00, in the form of a check made payable to petitioner and petitioner's attorney, Daniel H. Pfeifer, of the law firm of Pfeifer Morgan & Stesiak, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

2